UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EVA MELANCON

CIVIL ACTION

VERSUS

NO. 09-897-JJB

PETSMART, INC., ET AL.

### RULING

This matter is before the court on cross motions for summary judgment filed by defendants (doc. 28) PetSmart, Inc. and Hartford Life and Accident Insurance Company ("Hartford"), and by plaintiff Eva Melancon (doc. 31). Defendants have filed an opposition (doc. 33) to plaintiff's motion. There is no need for oral argument.

Plaintiff filed suit in this matter pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking review of Hartford's benefit claim decision. Plaintiff contests Hartford's termination of continued benefits under a group long term disability benefits plan ("LTD policy") sponsored by her employer, PetSmart. The LTD policy was funded or underwritten by Hartford and was also administered by Hartford.

The Fifth Circuit has held that when "a plan grants the administrator discretionary authority to determine claims for benefits, claimants may recover under ERISA only if the administrator's rejection of their claim was an abuse of discretion." *Robinson v. Aetna Life Ins. Co.,* 443 F.3d 389, 395 (5th Cir. 2006). In this case, both parties agree that the LTD policy provides Hartford with

1

discretionary authority to determine eligibility for benefits and to interpret the LTD policy.  Accordingly, review for abuse of discretion is appropriate.

In the context of ERISA, the abuse of discretion standard of review is equivalent to an "arbitrary and capricious" standard. *Gellerman v. Jefferson Pilot Fin. Ins. Co.,* 376 F.Supp.2d 724, 731 (S.D.Tex. 2005).  A decision is arbitrary if it is made "without a rational connection between the known facts and the decision or between the found facts and the evidence."  *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan,* 97 F.3d 822, 828 (5th Cir. 1996).  Furthermore, an administrator must have "substantial evidence" to support its decision to deny or terminate benefits.  *Ellis v. Liberty Life Assurance Co. of Boston,* 394 F.3d 262, 274 (5th Cir. 2004).  Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 273 (quoting *Deters v. Sec'y of Health, Educ. & Welfare,* 789 F.2d 1181, 1185 (5th Cir.1986)).

Federal courts "owe due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment."  *Pierre v. Connecticut Gen. Life Ins. Co.,* 932 F.2d 1552, 1562 (5th Cir.1991).  Both parties have noted the conflict of interest inherent when, as in this case, the insurer is also the plan administrator.  According to the Supreme Court, "when the terms of a plan grant discretionary authority to the plan administrator, a deferential standard of review remains appropriate even in the face of a conflict."  *Conkright v. Frommert*, 130 S.Ct 1640, 1646 (2010) (explaining its previous holding in

2

*Metropolitan Ins. Co. v. Glenn*, 554 U.S. 105 (2008)).  The conflict of interest is simply "one factor among many that a reviewing judge must take into account". *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 247-48 (5th Cir. 2009).

The material facts in the present case are largely undisputed.  Plaintiff was involved in a motor vehicle accident and received short term disability benefits from January 3, 2003 through March 27, 2003.  Plaintiff began receiving long term disability benefits on March 28, 2003.  Hartford approved plaintiff's claim for disability benefits under the "Own Occupation" standard or period of disability and Hartford paid benefits through December 18, 2006.  Effective December 19, 2006, Hartford terminated plaintiff's continuing claim for disability benefits under the LTD policy's "Any Occupation" standard of disability.

Hartford based its decision to terminate benefits on a number of factors. Video surveillance conducted in January 2006 showed the plaintiff engaged in numerous activities, which Hartford reasonably concluded indicated an ability to work under the "Any Occupation" standard.  Hartford also obtained an interview of plaintiff and reasonably relied on the investigator's observations of plaintiff appearing attentive and responsive, walking smoothly, and moving without noticeable limitations.  Hartford utilized an independent medical review which indicated plaintiff's ability to work at a sedentary level, sufficient for termination of benefits under the "Any Occupation" standard.  The independent reviewing physician spoke with plaintiff's physicians, both of whom indicated there was no contra-indication to plaintiff working at a light duty or sedentary occupational

3

level. Hartford also obtained an employability analysis that specifically identified available occupations for which plaintiff would be eligible.

After termination of benefits, plaintiff appealed Hartford's decision. Hartford's appeals unit conducted a full file review and sought additional independent medical reviews from two additional physicians. Only at this point did one of plaintiff's treating physicians state that he did not feel plaintiff was capable of working in any capacity. His statement was qualified, though, in that he would defer to a back pain specialist. Also, according to Hartford, his changed opinion of plaintiff's condition was offered "without any objective medical support." The independent medical reviewing physicians concluded that plaintiff was capable of working at least at a sedentary level of function.

Plaintiff argues that Hartford failed to take into account two critical factors of her condition and employability: the effect of her prescription medication and the Social Security Administration's determination that plaintiff was qualified for Social Security disability payments. However, the administrative record indicates that Hartford took into account both of these factors.

In light of the administrative record and undisputed facts, this court finds that Hartford's decision to terminate continued disability benefits was not an abuse of discretion, nor arbitrary and capricious. Hartford's decision was supported by substantial evidence, including the statements of plaintiff's own treating physicians, as well as independent medical reviews, an investigative

4

interview with plaintiff, surveillance footage, an employability analysis, and further review by Hartford on appeal.

Accordingly, plaintiff's motion for summary judgment (doc. 31) is hereby DENIED, defendants' motion for summary judgment (doc. 28) is hereby GRANTED, and plaintiff's claims against defendants are hereby DISMISSED. The parties have 30 days to file motions and/or memoranda regarding the assessment of attorney's fees and costs.

Signed in Baton Rouge, Louisiana, on November 8, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**